**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

JANICE ANTOINE,

        Plaintiff,

v.

CITY OF NORTH MIAMI, a Municipality
within Miami-Dade County, Florida. And
Councilman Philippe Bien-Aime;

        Defendant.
_____/

## COMPLAINT
## NATURE OF ACTION

Plaintiff, JANICE ANTOINE (hereinafter referred to as "Plaintiff" or "Ms. Antoine"), by and through her undersigned attorney, sue Defendant CITY OF NORTH MIAMI, a Municipality within Miami-Dade County, Florida (hereinafter referred to as "Defendant") and Defendant, Councilman Phillippe Bien-Aime, for damages in excess of $75,000 for violations of her civil rights occurring during her employment relationship with Defendant. Plaintiff sues Defendant under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e et seq. ("Title VII"), the Civil Rights Act of 1871, as amended, the Florida Civil Rights Act of 1992, Section 760.01 et seq., Florida Statutes ("FCRA").

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e et seq. and Section 1981.

2. This Court has supplemental jurisdiction over Plaintiff State law claims pursuant to 28 U.S.C. Section 1367. This Court has original jurisdiction over Plaintiff's claims that arise under federal law and supplemental / pendent jurisdiction over her related state law claim(s).

3. Plaintiff has exhausted her administrative remedies. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") based upon Sexual Harassment Claims and Retaliation. Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue on filed charges. All conditions precedent to institution of this action by Plaintiff has been fulfilled.

4. Pursuant to 28 U.S.C. Section 1391, venue of this action is proper in the Southern District of Florida. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because the Defendant municipality is located within this District, because the Defendant municipality employs Plaintiff, because Defendant made adverse employment decisions in this District.

## PARTIES

5. At all times material hereto, Defendant, City of North

Miami, is a municipality within Miami-Dade County, Florida, and it is sui juris.

At all times material hereto, Defendant continuously has been an employer engaged in an industry effecting commerce within the meaning of Title VII and the Florida Civil Rights Act. See 42 U.S.C. Section 2003 et seq., and Section 760.02(7), Florida Statutes.

6. Councilman Philippe Bien-Aime acts took place in this Jurisdiction while employed by the Defendant.

### FACTUAL ALLEGATIONS

7. At all times material hereto, Plaintiff was employed by Defendant.

8. Plaintiff gender is a Female.

9. Plaintiff has worked with the Defendant since June 06, 2016.

10. Plaintiff held the position of Constituent Service Aide at the time of her of Sexual Harassment and Retaliation. Also held position of Personnel Specialist and Administrative Coordinator.

### FACTS INSERTED HERE ON ALL SEXUAL HARASSMENT BY COUNCILMAN

11. In November and December 2016, Defendant advised Plaintiff that she had to work with Councilman Philippe Bien-Aime in his District 3, since his aide was out of town with Plaintiff supervisor to Haiti. While driving around in Councilman Philippe Bien-Aime district, Defendant advised Plaintiff of how pretty she was. The next day, Defendant called Plaintiff to advise her -- she had to ride with Councilman Philippe Bien-Aime to Doral to drop-off a check at the Miami-Dade County Elections Department. On their way back, Councilman Philippe Bien-Aime did not return to City Hall or his District 3 immediately, instead he drove pass City Hall and took Plaintiff off 130th NE 14th

Ave./Ct. near a dead end between warehouses and railroad tracks. Councilman Philippe Bien-Aime advised Plaintiff this is a quiet place and no one will bother us here. During that car ordeal, Councilman Philippe Bien-Aime said he was very attracted to Plaintiff and liked how Plaintiff smells so good and couldn't resist her today. Councilman Philippe Bien-Aime then said, I wonder if "that" smells good too. Plaintiff replied "that", as she watched Councilman Philippe Bien-Aime's eye gesture eyeing her crotch area. Plaintiff replied, Plaintiff is married and asked Councilman Philippe Bien-Aime to take her back to office now. Councilman Philippe Bien-Aime did not immediately follow her request to return but replied no one has to know they had sex and Councilman Philippe Bien-Aime will get Plaintiff a full-time position. Plaintiff replied again, no, I am married take me back now.    Plaintiff again said no to Councilman Philippe Bien-Aime sexual advances, but the calls and advances for sex did not stop.

12.     On January 29, 2017, the City of North Miami had its first Mardi Gras event and Councilman Philippe Bien-Aime had been drinking alcohol because Plaintiff smelled the heavy alcohol on his breathe and he stopped her near 2nd floor balcony and said – "don't go home after Mardi Gras tonight –meet with me after Mardi Gras." At that point Plaintiff immediately blocked his number from her work and personnel mobile, because Plaintiff realized him trying to help her will never happen unless she has sex with Councilman Philippe Bien-Aime in return.

13.     On October 2017, Plaintiff was coming out of the City Hall stairwell when confronted by Councilman Philippe Bien-Aime who said, "why you do not speak to me since the City Manager moved you from Mayor and Council office, Plaintiff replies, no its not me Sir it's you that have the problem with me, because when you took me off job

site to Doral because you said you needed my assistance, but instead you wanted sex from me in the car and I told you no that I have a husband and I am happy, then you made me the enemy. "Councilman Philippe Bien-Aime then says, no it's not like that – it's not true that he is mad at Plaintiff. Councilman Philippe Bien-Aime proceeds to also question Plaintiff, why are his phone calls going straight to voicemail when he keeps calling and Councilman Philippe Bien-Aime dials Plaintiff's number in front of her to shows her it goes straight to voicemail. Plaintiff replied to Councilman Philippe Bien-Aime, he was blocked because he keeps calling for sexual favors and her husband sees the calls because they share family mobile services.

13. All of the above acts by Councilman Phillippe Bien-Aime were not consensual and were done in order to compromise the Plaintiff wither position.

## RETALIATION ADD HERE   LIST IT HERE ALL ACTIONS ON PROMOTION BE SPECIFIC

14. On February 2017, Plaintiff meets with Deputy City Manager-Arthur (Duke)

Sorey III, and advised him she needed a few minutes one on one after their team meeting. Plaintiff advised Sorey of the unprofessional harassing and hostile work environment she has been through and he advised her that he doesn't believe her.   Plaintiff left the meeting

teary eyes and was going to resign. Carolina, Constituent Aide for District 2, asked Plaintiff how did her one on one meeting go and Plaintiff said, "Duke said he did not believe what she said. Plaintiff says, Carolina advised her not to resign and go the next step up to the City Manager, Larry Spring, Jr. Plaintiff even spoke with Chief of Staff about her work conditions and nothing still was done.

15. On March 2, 2017, Plaintiff met with City Manager, Larry Spring and explained to him in details of what she have been going through and she has proof of the harassment and how hostile it has been for her in Mayor and Councils Office. Spring, stopped Plaintiff from crying and said he will take care of the matter and asked Plaintiff to give him her current resume. Spring also gave Plaintiff his personal mobile number in case she should ever need to talk with him directly.

16. March 6, 2017, Plaintiff returned back to work after taking Friday off and was called to the Office of Deputy City Manager Sorey, which advised Plaintiff per City Manager, Plaintiff was being transferred to the Personnel Department effective immediately. Plaintiff says, the look on Sorey face was as if he was upset Plaintiff went over his head to the City Manager with her compliant.

17. On September 27, 2017, just when Plaintiff thought she had a chance at full-time as promised as Personnel Specialist/Administrator, Sorey came downstairs to Plaintiff's new supervisor Joseph Roglieri, Jr., Personnel Administration Director and advised him not to hire Plaintiff full-time for new fiscal year and to terminate Plaintiff as of tomorrow (September 28, 2017). Once Plaintiff was advised by Roglieri of her termination, Plaintiff immediately texted the City Manager, Spring to advise him of Sorey actions and Spring immediately called Plaintiff up to his office. Plaintiff advised Spring that Sorey has terminate her employment and this is retaliation from Plaintiff jumping over Sorey authorization to speak to Spring about her March complaint of being harassment and being in a hostile working environment and how it's happening all over again and she will take legal action. Spring assured Plaintiff that he will speak to Sorey and Roglieri and Plaintiff will not be terminated. Plaintiff continued working for the

Personnel Department but not given full-time status as promised but another contract. Plaintiff went back and forth talking and texting with Spring which keep advising Plaintiff he was working on my full-time status, but was advised by Roglieri, that he didn't have the budget to hire Plaintiff full-time in his department.

18. November 30, 2017, Plaintiff was called up by the Director and Asst. Director of Information Technology Department and was interviewed and offered a full-time position as the new Administrative Coordinator full-time for the I.T. Department and to start immediately. A week went by and Plaintiff called I.T. Director for an update on her transfer and full-time status change and he advised Plaintiff all documents were submitted and awaiting approval. Three weeks passed and Plaintiff asked Roglieri for an update on transfer and Roglieri advised Plaintiff he needed approval from Sorey or the Councilmen since Spring was not in office and on vacation. Plaintiff asked why does Roglieri need Sorey or Councilmen approval for an already approved budgeted ($60,923.20 annually/$29.29 per hour) full-time position that Plaintiff was hired for by the I.T. Departments Director/Asst. Director after interviewing on November 30 and excepted terms of hire of the I.T. Departments. Plaintiff has been the only one to her knowledge and no other contracted employee has been through this ordeal but Plaintiff.

19. On December 18, 2017, Plaintiff was transferred to I.T. Department but per Roglieri under yet again another new contract as Administrative Coordinator. Once Spring returned from vacation, Plaintiff advised Spring that she was tired of the injustice and going to seek legal help and file EEOC charges. Plaintiff advised Spring per text messages she have been black labeled since her complaint to him in March 2017 and

Plaintiff have been discriminated against, sexually harassed, and been working in an intentional hostile work environment because The Councilmen, Deputy City Manager, and now Personnel Director is all in on trying to weaken Plaintiff to force her out and resign from Plaintiff job position. The City Manager advised Plaintiff he will work on it and get back to her with her concerns; but was never contacted by the manager.

20. The Plaintiff is responsible for reasonable attorney fees.

## COUNT I

### DEFENDANTS HAVE VIOLATED TITLE VII
### (Hostile Work Environment Sexual Harassment Treatment)

21. Plaintiff adopts and realigns paragraphs 1-20 above as if incorporated herein.

21. Plaintiff is a member of a protected class because of status, Female.

22. The Defendant is an employer that employs over 50 people, and is subject to 42 U.S.C. Section 2000e et seq.

23. The Defendant has intentionally discriminated against the Plaintiff In particular in violation of Title VII, 42 U.S.C. Section 2000e et seq. by Creating and fostering a hostile work environment of Plaintiff.

24. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as an employee.

25. The unlawful employment practices complained of were intentional.

26. The unlawful employment practices against the Plaintiff

were done with malice or reckless indifference to the Plaintiff's federally protected rights.

27. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II

## DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

28. Plaintiff adopts and realigns paragraphs 1-20 above as if incorporated herein.

29. Defendant discriminated against Plaintiff because of her being a Female, in violation of the FCRA.

30. The actions by the Defendant were intentional.

31. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employee.

32. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's freedom from discrimination

within the State of Florida.

33. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT III

## PLAINTIFF'S CLAIM OF RETALIATION IN VIOLATION OF TITLE VII

33. Plaintiff adopts and realigns paragraphs 1-20 above as if incorporated herein.

34. That the Defendant retaliated against the Plaintiff as described above

35. Defendant's adverse action against Plaintiff was in violation of Title VII provisions.

36. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment,

humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT IV
## ASSAULT/CIVIL ACTION
## AGAINST COUNCILMAN PHILLIPPE BIEN-AIME

37. Plaintiff adopts and realigns paragraphs 1-20 above as if incorporated herein.

38. Councilman intentionally touched Plaintiff without permission.

39. The unlawful touching was not given with permission.

40. As a direct and proximate result of the assault practices, the Plaintiff has been emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Councilman awarding the Plaintiff compensatory, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

Respectfully submitted,

Discrimination Law Center, P.A.

*Attorneys for Plaintiff*
2255 Glades Road
Suite 324A
Boca Raton, Florida 33431
(561) 271-1769 tel.

By:   s/Jay F. Romano
              Jay F. Romano
          Trial Attorney
          Florida Bar No.: 0934097

**VERIFICATION CLAUSE**

PURSUANT TO 29 U.S.C & 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____
JANICE ANTOINE
DATED: JULY 11, 2018